3 Pages

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
MEGAN A. LEWIS (SBN 221263)
STEVEN J. WILLIAMSON (SBN 238869)
400 Capitol Mall
Twenty-Second Floor
Sacramento, CA 95814
Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Creditor
TRAYNOR MARINA INVESTMENTS, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT A. COOK,

    Debtor.

Case No.: 11-39335-C-11

WFH-1

Date: September 21, 2011
Time: 10:00 a.m.
Dept: C

## APPLICATION FOR RULE 2004 EXAMINATION OF ROBERT A. COOK

Traynor Marina Investments, LLC, Creditor, in this case ("Traynor") submits this application for an order authorizing an examination of Robert A. Cook ("Debtor") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

### I.
### FACTS

Traynor is a judgment lien creditor of Debtor asserting a claim in the approximate amount of $1.1 million. Traynor has been in the process of attempting to collect its judgment for almost one year. Traynor had obtained appointment of a receiver over Debtor's assets, and had obtained charging orders against Debtor's partnerships and limited liability companies. Traynor had also filed a motion with the Sacramento Superior Court seeking an order authorizing the foreclosure of Traynor's judgment lien on certain of Debtor's partnership and limited liability company

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

710147.1
- 1 -
APPLICATION FOR RULE 2004 EXAMINATION

interests. Debtor commenced this Chapter 11 case immediately before the hearing to forestall Traynor's foreclosure efforts.

## II.
## DISCUSSION

Traynor seeks an order authorizing Traynor to subpoena documents from Robert A. Cook ("Debtor") to aid Traynor's investigation of Debtor's assets and to aid in locating any potential missing funds. Trustee also seeks an order authorizing the examination of Debtor. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides as follows:

> Rule 2004. Examination
> 
> (a) Examination on motion. On motion of any party in interest, the court may order the examination of any entity.
> 
> (b) Scope of examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.
> 
> (c) Compelling attendance and production of documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.
> 
> (d) Time and place of examination of debtor. The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.
> 
> (e) Mileage. An entity other than a debtor shall not be required to attend as a witness unless lawful mileage and witness fee for one day's attendance shall be first tendered. If the debtor resides more

than 100 miles from the place of examination when required to appear for an examination under this rule, the mileage allowed by law to a witness shall be tendered for any distance more than 100 miles from the debtor's residence at the date of the filing of the first petition commencing a case under the Code or the residence at the time the debtor is required to appear for the examination, whichever is the lesser.

USCS Bankruptcy R 2004

Traynor requests an order authorizing Traynor to subpoena records from Robert A. Cook pursuant to Rule 2004 and to examine Robert A. Cook regarding all matters subject to an examination under Rule 2004.

## III.
## PRAYER FOR RELIEF

Wherefore, Traynor requests an order authorizing Traynor to subpoena all records from Robert A. Cook and authorizing an examination of Robert A. Cook under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

DATED: September 7, 2011

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: _____
DANIEL L. EGAN
Attorneys for Creditor
TRAYNOR MARINA INVESTMENTS, LLC