**FILED**

**September 19, 2011**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003776730

DANIEL S. WEISS (State Bar No. 91930)
LAW OFFICES OF DANIEL S. WEISS
2020 Hurley Way, Suite 210
Sacramento, California 95825
Telephone:  (916) 569-1610
FAX No.:    (916) 569-1612
e-mail: dweiss@danielweisslaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In re:                          )   Case No. 11-39335-C-11
                                )
ROBERT A. COOK,                 )
                                )   MCN:  DSW-001
                                )
                                )   DATE: No hearing required
                                )
                    Debtor.     )
_____)

DEBTOR'S PRELIMINARY STATUS REPORT

Debtor, ROBERT A. COOK, hereby submits to the Court his Preliminary Status Report, as follows:

1.      History of the Debtor:

Debtor is and has been, since 1977, a real estate broker and developer. He has developed shopping centers, office buildings, restaurants and hotels. His most recent project, Le Rivage Hotel, was developed in conjunction with Robert Leach and investors. The hotel project was appraised in 2008 at 42,500,000.

In order to finance the building of the hotel, Robert Leach and I had to sign several joint and several personal guarantees, including $25,000,000 to La Jolla Bank,

1

$700,000 to Traynor-Marina Investors (collectively "Traynors"), $350,000 to Hearn Construction and $650,000 to U.S.A. Real Estate Investment Trust.

The loan from La Jolla Bank is secured by a first deed of trust on the hotel. La Jolla Bank was subsequently taken over by FDIC and the current lender is One West Bank. The most recent appraisal by One West Bank, of which Debtor does not have a copy but is reliably informed, is approximately $12,000,000.

The loan from U.S.A. Real Estate Investment Trust is secured by a second deed of trust on the hotel.

The Traynors' investment consisted of a "Put" with respect to their undivided ½ interest in the Marina property in front of the Le Rivage Hotel, under which, if Traynors decided to sell their interest, Robert Leach and the Debtor would be required to buy it back from them.

Robert Leach filed a Chapter 7 Bankruptcy in 2010. When he was discharged, the liabilities on the joint personal guarantees fell solely upon Debtor. Traynors filed suit against Debtor on the personal guarantee of the "Put" and obtained a judgment against him in the original principal amount of $700,000. Thereafter, Traynors were successful in obtaining the appointment of a (state court) receiver for all of Debtor's assets, which consisted of interests in several limited liability companies, including the Bob Cook Company; LLC, Elk Grove-Florin, LLC (the entity

in which Debtor holds his interests in Table [Le Rivage] Hotel, LLC and the Captain's Table Marina, LLC; Adams Limited, LLC; and limited partnership interests (held through KPBC, which holds interests in Sacramento Kings, LP and Arco Arena LP) the owner of the Sacramento Kings Basketball team and the [former] Arco Arena.

The state court Receiver, Scott Sackett, conducted a thorough investigation and review of the Debtor's holdings, but discovered no cash or liquid assets. Thereafter, Traynors instituted a proceeding to grant the state court Receiver to sell all of Debtor's limited liability company and partnership assets to satisfy the judgment. On the eve of the hearing on the motion, Debtor filed this Chapter 11 case.

Debtor, through various LLC's and partnerships, also has interests in rental property, in a parcel of undeveloped land, in the entities which own the Sacramento Kings Basketball Team and the arena (formerly known as Arco Arena) and in the entity which owns the Sacramento Capitals (World) Tennis Team.

In addition to the judgment in favor of the Traynors, Debtor is also a judgment debtor of other creditors, including but not limited to Hearn Pacific, Inc. and the Schermann Family Trust.

2.      Type of Plan:

Debtor will propose a plan of reorganization which will also include the sale of some assets by means of an orderly liquidation. As of the present time, the type of plan will be subject to the occurrence or non-occurrence of some specific events in the near future, primarily the advent of a trustee's sale of the Le Rivage Hotel or a possible Chapter 11 reorganization of the entity which owns the hotel

3. Cramdown:

Debtor does not anticipate the necessity of a cram down on any particular class of creditors as of this time.

4. Valuation of Assets:

Debtor anticipates that that there may be some litigation concerning the valuation of some of his assets.

5. Cash Collateral and Adequate Protection:

Debtor does not believe that any of his creditors at this time has a lien on the cash collateral of any of the businesses or other assets he owns. In the event that any secured creditor claims to have a lien upon cash collateral and does not agree to permit Debtor to use that cash collateral, Debtor will move the Court for an appropriate order permitting him the use of such cash collateral.

6. Adversary Proceedings:

Debtor anticipates that there may be adversary proceedings in this case, possibly including litigation against Debtor's brother for fraudulent concealment or

destruction of evidence concerning disposition of assets of their mother's estate and litigation to determine the validity, extent and enforceability of some purported liens on Debtor's assets.

7.  Environmental Issues:

To the best of Debtor's information, knowledge and belief, there are no major environmental issues surrounding the project

8.  Objections to Claims:

At this time, Debtor is not aware of any claim objections which may arise in this case.

9.  Post-Confirmation Sale of Assets:

It is likely that some of Debtor's properties may be sold after confirmation of a plan, but Debtor does not anticipate that any such sales will require the involvement of the Court.

10.  Anticipated Professional Fees:

Debtor anticipates he will incur approximately $50,000 in legal fees to Daniel S. Weiss; contingent legal fees and costs in an amount not ascertainable at this time to special counsel (probably John Vodonick) in conjunction with possible litigation against Debtor's brother; approximately $10,000 in appraisal fees to persons not as yet determined; and approximately $10,000 in other professional fees, including accountant's fees, to persons not as yet determined.

11.    <u>Small Business Debtor</u>:

This case is not a small business case, as defined in 11 USC §§101(51C) (51D), 1102(a)(3) and 1121, because the Debtor, on the date of filing of the Petition, had aggregate non-contingent liquidate secured and unsecured debts of more than $2,000,000.


                                        LAW OFFICES OF DANIEL S. WEISS
                                        Attorney for Debtors


Dated: Sept. 16, 2011     By: _____/s/ Daniel S. Weiss_____