12
HANNO T. POWELL  131154
JESSICA L. GIANNETTA  234220
POWELL & POOL,
A PROFESSIONAL CORPORATION
7522 N. Colonial Avenue, Suite 100
Fresno, California  93711
Telephone:  (559) 228-8034
Facsimile:  (559) 228-6818

Attorneys for:  OMNI FINANCIAL, LLC

FILED
October 11, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003827741

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

\* \* \*

In re

ROBERT A. COOK,

       Debtor.

Case No. 11-39335

Chapter 11
DCN  WFH-4

**OMNI FINANCIAL, LLC'S OPPOSITION TO MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE**

Date:   October 25, 2011
Time:   9:30 a.m.
Dept:   C

     OMNI FINANCIAL, LLC ("Omni"), a creditor herein, hereby opposes Traynor Marina Investments, LLC's Motion for Appointment of Chapter 11 Trustee (the "Motion"), as follows:

///

///

I.

# INTRODUCTION

Traynor Marina Investments, LLC ("Movant") has brought its Motion on the grounds that appointment of a trustee is warranted under 11 U.S.C. section 1104 for "cause" and because such appointment would be in the interests of creditors. However, the law strongly presumes that a Chapter 11 debtor will remain in possession of the bankruptcy estate, and appointment of a Chapter 11 trustee is considered to be an extraordinary remedy that should only be exercised in rare circumstances. Although Movant has asserted conclusory allegations of fraud in an effort to show that cause exists for appointment of a Chapter 11 trustee, Movant has failed to meet its burden of proof with respect to those allegations and has further failed to establish other grounds that would constitute cause. Moreover, Movant has failed to show that appointment of a Chapter 11 trustee would be in the interests of all creditors and the bankruptcy estate as a whole. As such, the Motion should be denied.

II.

# LEGAL ARGUMENT

**A.  APPOINTMENT OF A CHAPTER 11 TRUSTEE IS AN EXTRAORDINARY REMEDY FOR WHICH THE PARTY SEEKING APPOINTMENT BEARS THE BURDEN OF PROOF.**

It is well-established law that the party moving for appointment of a Chapter 11 trustee bears the burden of proof. *See, e.g., In re Sovereign Estates, Ltd.*, 104 B.R. 702 (Bankr. E.D. Pa. 1989); *In re William A. Smith Contr. Co., Inc.*, 77 B.R. 124 (Bankr. N.D. Ohio 1987); *In re Cole*, 66 B.R. 75 (Bankr. E.D. Pa. 1986); *In re St. Louis Globe-Democrat, Inc.*, 63 B.R. 131 (Bankr. E.D. Mo. 1985). Moreover, many courts have held that the standard of proof to be met in a motion for appointment of a Chapter 11 trustee is that of "clear and convincing" evidence. *See, e.g., In re G-I Holdings, Inc.*, 385 F.3d 313 (3d Cir. 2004); *In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989); *In re St. Louis Globe-Democrat, Inc.*, 63 B.R. at 138; *In re Evans*, 48 B.R. 46, 47 (Bankr. S.D. Ohio 1985); *In re*

///

*Tyler,* 18 B.R. 574, 577 (Bankr. S.D. Fla. 1982); *In re F.A. Potts & Co.,* 20 B.R. 3, 5 (Bankr. E.D. Pa. 1981).

In Chapter 11 cases, there is a strong presumption that the debtor should remain in possession, and appointment of a trustee is considered to be an unusual and extraordinary remedy. *See, e.g., In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 471 (3d Cir. 1998); *In re Sovereign Estates, Ltd.,* 104 B.R. 702 (Bankr. E.D. Pa. 1989); *In re William A. Smith Contr. Co., Inc.,* 77 B.R. 124 (Bankr. N.D. Ohio 1987); *In re Parker Grande Development, Inc.,* 64 B.R. 557 (Bankr. S.D. Ind. 1986); *In re Anchorage Boat Sales, Inc.,* 4 B.R. 46 (Bankr. W.D. Tex. 1985); *In re Evans,* 48 B.R. 46 (Bankr. S.D. Ohio 1985); *In re Eichorn,* 5 B.R. 755 (Bankr. D. Mass. 1980); *Taub v. Taub,* 427 B.R. 208, 225 (Bankr. E.D.N.Y. 2009). Indeed, appointment of a Chapter 11 trustee is the exception, rather than the rule, and the standard required for the appointment of such a trustee will generally only be met in egregious cases. *See* Maguire & Ball, *Collier Guide to Chapter 11: Key Topics and Selected Industries,* P 5:10 [3][a] (Matthew Bender & Company, Inc. 2010); *see also In re Sharon Steel Corp.,* 871 F.2d at 1225. Because the Movant has not meet its burden of proving that a Chapter 11 trustee is warranted in this case, the Motion should be denied.

B. **MOVANT HAS FAILED TO MEET ITS BURDEN OF PROOF THAT APPOINTMENT OF A CHAPTER 11 TRUSTEE SHOULD BE ORDERED PURSUANT TO 11 U.S.C. SECTION 1104.**

11 U.S.C. section 1104, subsection (a), governs the appointment of a trustee in Chapter 11 cases and provides that after a bankruptcy case has been filed, but prior to confirmation of a plan, the court shall order appointment of a trustee as follows:

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate,

> without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 104(a)(1)-(2). However, Movant has failed to establish that cause exists for ordering the appointment of a Chapter 11 trustee in this case or that appointment of a Chapter 11 trustee would otherwise serve the interests of the creditors or the bankruptcy estate. Accordingly, this Court should deny the Motion.

1. **Cause Does Not Exist for Ordering the Appointment of a Trustee in this Chapter 11 Case.**

Movant's argument that cause exists for appointment of a Chapter 11 trustee is based on mere conclusory allegations that have not been supported by the evidence and do not give rise to cause. Specifically, Movant's allegations in support of its argument that cause exists for ordering the appointment of a trustee can be summarized as follows:

1) The Debtor has not yet filed his first monthly operating report that was due on September 15, 2011, and the Debtor *may* be using cash collateral without court approval (*see* Motion, 3:27–4:17);

2) Debtor "does not own any assets in his own name" and "has structured his affairs to place his assets behind the shield of various corporations and limited liability companies" (*see* Motion, 2:1-3);

3) Debtor and others "induced" Movant to invest in the construction of a marina, subsequently defaulted in his guarantee in favor of the Movant, and now has a Judgment entered against him in favor of Movant (*see* Motion, 2:10-11, 13-16, 18-20);

4) Movant has pursued many state law remedies against Debtor in an attempt to collect the Judgment entered in its favor, none of which have yet resulted in the collection of monies (*see* Motion, 2: 20 – 3:1);

5) Debtor lists monthly income on his Schedules, which must mean that the Debtor is violating pre-petition state court orders that prohibit the Debtor's

///

wholly owned entities from making distributions to him (*see* Motion, 3:5-8, 4:19-26);

6) Debtor "has entered into at least three significant financial transactions, involving millions of dollars, and has no plausible explanation of the disposition of the funds" (*see* Motion, 2:4-6); and

7) Because the Debtor seeks to value certain assets and claims certain exemptions, the Debtor must have an irreconcilable conflict of interest in this case (*see* Motion, 7:13-22).

However, for the reasons set forth below, none of these allegations are sufficient to establish "cause" for the appointment of a trustee under 11 U.S.C. section 1104.

    a. **The Debtor's failure to file a single monthly operating report does not constitute cause for appointment of a Chapter 11 trustee, and Movant has failed to establish that the Debtor is using cash collateral without court approval.**

Movant contends that the Debtor's failure to file a *single* monthly operating report gives rise to cause for appointment of a Chapter 11 trustee. In support of such contention, Movant cites a case that stands for the proposition that a debtor's refusal to file monthly operating statements constitutes cause for dismissal or conversion. *See In re Tornheim,* 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995). However, it should be noted that the rule cited in that case references monthly operating "statements," in the plural form, and the Chapter 11 debtors in that case had failed to file monthly operating statements for *over one (1) year. See id.* (emphasis added). The debtors had also failed to file a plan and disclosure statement during the 16 months in which that case had been pending. *Id.* Based on those circumstances, which are drastically different from the circumstances at hand, the court determined that conversion or dismissal was justified. *Id.* As such, the court granted the U.S. Trustee's motion to dismiss the case. *Id.*

Here, the Debtor has only failed to file a single monthly operating report, which was his first such report due in this case. Failure to file a single monthly operating report is hardly equivalent to failing to file monthly operating reports for more than a year and further

failing to file a plan and disclosure statement in nearly a year and a half. While Movant asserts that the Debtor's failure to file his first monthly operating report alone constitutes cause for appointment of a Chapter 11 trustee, such a result would be harsh and extreme. If a Chapter 11 debtor's failure to timely file *just one* required report were enough to justify appointment of a trustee, surely the courts would be appointing Chapter 11 trustees on a much more frequent basis.

Movant further argues that the Debtor's failure to file his first monthly operating report suggests that he may be using cash collateral without court approval. However, such an argument is based on mere conjecture and is wholly unsupported by the evidence. Movant, which bears the burden of proof, has failed to establish that the Debtor's post-petition cash is subject to any liens and, as such, should be considered "cash collateral." Still further, Movant has failed to provide a single piece of evidence to establish that the Debtor has been using what might constitute "cash collateral" without obtaining the necessary court approval. Accordingly, Movant has failed to establish that cause exists for the appointment of a Chapter 11 trustee.

    b.    **Movant's ownership and operation of multiple companies does not establish cause for appointment of a Chapter 11 trustee.**

Movant's argument that the Debtor's ownership and operation of numerous business entities warrants appointment of a Chapter 11 trustee lacks merit and cannot be supported by the evidence. Movant's argument consists of a conclusory allegation that the Debtor holds his assets behind the "shield" of various entities. However, the mere creation, operation, and/or ownership of several legal entities is, in itself, lawful and does not suggest fraud, dishonesty, gross mismanagement, or other cause for appointment of a Chapter 11 trustee. While the Debtor may have participated in some complex business matters involving various corporations, limited liability companies, and partnerships in which he holds an interest, Movant has not offered any evidence to support its allegation that those entities are a "shield," or alter ego, of the Debtor.

///

-6-
Omni Financial, LLC's Opposition to Motion for Appointment of Chapter 11 Trustee

Moreover, the Debtor has listed all of his stock and interests in incorporated and unincorporated businesses as required on Schedule B of this Petition. *See* Schedule B, attached as Exhibit "G" to Motion. Thus, while the assets of the various business entities in which the Debtor owns an interest are not assets of the bankruptcy estate, the Debtor's interest in those entities *are* assets of the bankruptcy estate and have been fully disclosed by the Debtor. The Debtor's disclosure of his stock and interests in various businesses is all that is required of him at this stage in the bankruptcy proceedings, and such disclosure indicates that the Debtor is being honest and forthright in supplying information to his creditors and this Court. Movant has failed to establish that the Debtor's ownership of various legal entities implicates fraud, dishonesty, or gross mismanagement. As such, Movant has failed to meet its burden of proof in establishing that cause exists for the appointment of a trustee.

    c.    **<u>Movant has failed to establish that the Judgment entered against the Debtor in state court constitutes cause for appointment of a trustee, and Movant has further failed to establish that the Debtor violated pre-petition court orders related to that Judgment.</u>**

Movant appears to be contending that the Judgment it obtained against the Debtor in state court, as well as subsequent state court orders aiding in the enforcement thereof, will give rise to cause for appointment of a trustee. Although Movant asserts that the Debtor fraudulently "induced" it to invest in the construction of a marina, the Second Amended Judgment in favor of Movant appears to be based on a money obligation owed to Movant and makes no mention of fraud. *See* Exhibit "B" to Motion. Neither has Movant otherwise offered evidence in support of its conclusory allegations that the Debtor committed fraud. Moreoever, the fact that Movant has not yet succeeded in collecting on its Judgment against the Debtor does not suggest that the Debtor engaged in fraud, dishonesty, or gross mismanagement or that cause otherwise exists for appointing a trustee. If such were the case, appointment of a trustee would be a fairly routine activity in Chapter 11 cases, as opposed to the unusual and extraordinary remedy that it is.

Moreover, Movant has not established that the Debtor violated any pre-petition state court orders that were entered in aid of enforcement of its Judgment against the Debtor.

-7-
Omni Financial, LLC's Opposition to Motion for Appointment of Chapter 11 Trustee

Movant points out that the Debtor listed monthly income on his Schedule I and reported year-to-date income in the amount of $78,920.53 on his Statement of Financial Affairs. Based on the foregoing, Movant unfoundedly concludes that the Debtor *must* have violated the pre-petition state court orders that prohibit the Debtor's wholly owned entities from making distributions to him. However, the Debtor's filing of his Voluntary Petition in this case had the effect of staying those state court orders such that Movant would no longer be able to enforce its Judgment through its state court remedies without first obtaining relief from the automatic stay. Thus, the fact that the Debtor has listed an estimate of his average or projected regular monthly income on Schedule I does not establish that the Debtor violated pre-petition state court orders.

Similarly, the fact that the Debtor discloses having received $78,920.53 year to date does not establish that he violated any pre-petition court orders. Even though the order appointing a receiver to aid in execution of the Judgment was entered in state court on February 22, 2011, Movant has not established that the $78,920.53 year-to-date income reported on the Debtor's Statement of Financial Affairs was not received sometime prior to February 22, 2011. Given that the Debtor owns stocks and other interests in various business entities and reports owning personal property worth $858,203.00, it is not implausible that the Debtor could have received $78,920.53 sometime between January 1, 2011 and February 22, 2011. *See* Schedule B, attached as Exhibit "G" to Motion. Thus, Movant has not presented evidence to support its contention that the Debtor violated pre-petition state court orders. Once again, Movant has failed to meet its burden of proof that cause exists for the appointment of a Chapter 11 trustee.

      d.    **<u>The Debtor's inability to recall from memory the disposition of certain funds received pre-petition cannot serve as the basis for appointment of a Chapter 11 trustee.</u>**

Movant's allegation that the Debtor "entered into at least three significant financial transactions, involving millions of dollars, and has no plausible explanation of the disposition of the funds," is not supported by the evidence and cannot serve as the basis for establishing

cause under 11 U.S.C. section 1104. In support of Movant's allegation that the Debtor "has no plausible explanation" of the disposition of millions of dollars, Movant relies on certain deposition testimony of the Debtor, which Movant has taken out of context and misconstrued. Specifically, Movant places great significance on the Debtor's testimony that he did not recall what he did with the proceeds of a $1,000,000.00 loan he took out against a brokerage account a couple years prior to his deposition and that he could not recall what he did with a $250,000.00 check he received for selling his interest in a restaurant approximately a year prior to this deposition. *See* Motion, 6:8-20, 6:22–7:9. Movant further takes aim at the Debtor's testimony that he did not recall the amount of funds he received from the Omni loan and makes an inflammatory allegation that Omni will have "difficulty explaining how a $7,060,000 loan turned into a $13 million liability in four years." *See* Motion, 5:15 – 6:4. However, the Debtor's very schedules list a $13,000,000.00 debt owed to Omni. *See* Schedule D, attached as Exhibit "G" to Motion. Moreover, Omni will have no trouble providing evidence of its advances to the Debtor and/or his companies, which is supported by the fact that Omni already *did* provide Movant with proof of its advances in the principal sum of $10,000,000.00. *See* Exhibit "K" to Motion.

While it may seem inconceivable to some that an individual would not recall exactly what he or she did with more than a million dollars or the amount of proceeds he or she received from a large loan, this particular Debtor has been involved in numerous multi-million dollar transactions on a regular basis throughout many years. As such, the mere fact that the Debtor may not recall from memory alone the precise disposition of a particular advance of funds received years ago, albeit a large sum of money, does not, in itself, establish fraud, dishonestly, or gross mismanagement. At most, the Debtor's inability to recall the precise disposition of those funds may suggest some level of mismanagement that falls short of the "gross mismanagement" required to be shown pursuant to 11 U.S.C. section 1004. Indeed, courts have recognized that nearly every insolvency case involves some degree of mismanagement or incompetence and that a finding of more than simple mismanagement or incompetence is required as grounds for the appointment of a Chapter 11

trustee. *See, e.g., In re Evans,* 48 B.R. at 47; *In e Daily,* 2009 Bankr. LEXIS 3377, at *8 (Bankr. M.D. Tenn. Oct. 19, 2009). Movant has not met his burden of proving that fraud, dishonesty, gross mismanagement, or other cause exists for ordering the appointment of a trustee.

      e.    **The Debtor's intent to value certain assets of the estate and claim certain exemptions does not establish an irreconcilable conflict of interest.**

Movant contends that the Debtor has an irreconcilable conflict of interest with the bankruptcy estate because he seeks to value certain assets of the bankruptcy estate and claims certain exemptions. However, it is not uncommon for Chapter 11 debtors to bring motions to value collateral. Similarly, virtually all Chapter 11 debtors claim at least some property exemptions. In support of its assertion that the Debtor has undervalued its assets in this case, Movant relies on a 2007 financial statement of the Debtor. However, it is not difficult to imagine that the values of property of the estate would have decreased during the recession that has taken place since 2007. Moreover, the Debtor may have further encumbered his assets between January 1, 2008 and the date on which he filed his Voluntary Petition.

In addition, Movant has not offered any evidence to support its conclusory allegation that the Debtor's assets have been undervalued. Finally, it should be pointed out that the Bankruptcy Code contains certain built-in mechanisms for ensuring that the valuation of collateral and determination of exemptions will be decided fairly by way of allowing interested parties to contest the value of collateral and a debtor's claimed exemptions. Movant has failed to meet its burden of proof that the Debtor has an irreconcilable conflict of interest with the bankruptcy estate that would constitute cause for appointment of a Chapter 11 trustee.

      2.    **Appointment of a Chapter 11 Trustee Would *Not* Be in the Best Interests of Creditors or the Bankruptcy Estate.**

Movant alleges that appointment of a trustee in this Chapter 11 case would best serve the interests of creditors in order to facilitate a liquidation of the Debtor's assets. However,

the Movant's argument that such an appointment would best serve the interests of the creditors is flawed because it presupposes that the Debtor has engaged in fraud or other dishonesty. Movant continues to assert unfounded and conclusory allegations that the Debtor has engaged in "questionable transactions" and "cannot be trusted" as a basis for asserting that appointment of a trustee would serve the best interests of creditors. However, for the reasons set forth above, Movant has failed to offer evidence sufficient to support a finding that the Debtor engaged in fraud, dishonesty, or gross mismanagement. As such, Movant has not established that appointing a trustee would best serve the interests of the creditors and the bankruptcy estate.

In addition, Movant's argument that appointment of a Chapter 11 trustee would best serve the interests of creditors completely ignores the costs associated with appointment of a trustee, all of which would be charged against the bankruptcy estate and significantly reduce the assets available for distribution to creditors. In determining whether appointment of a trustee is in the best interests of creditors and the bankruptcy estate, courts should weigh the costs of appointment against the benefits, if any. While there are obvious tangible costs to be considered, such as the cost of the trustee and the trustee's legal counsel, courts should also consider intangible costs, such as the costs of delay and "education" of the trustee. *See Collier Bankruptcy Manual, 3d Edition Revised,* Chapter 11 Bankruptcy Code, Reorganization ("Collier Bankr. Manual, Chp. 11"), P 1104.02 [3][d][ii] (Matthew Bender & Company, Inc. 2010); *see also In re Adelphia Communications Corp.,* 336 B.R. 610 (Bankr. S.D.N.Y. 2006). Moreover, it is the best interests of the estate generally that must be considered, as opposed to the interests of a particular creditor or creditors. *See* Collier Bankr. Manual, Chp. 11, P 1104.02 [3][d][i]; *see In re Daily,* 2009 Bankr. LEXIS 3377, at *12-13 ("[u]nder 11 U.S.C. § 1104(a)(2), a creditor, no matter how dominant, cannot justify the appointment of a trustee simply because it would be in its own interests"). A creditor who seeks an order appointing a Chapter 11 trustee must show that the appointment is in the interests of all persons who have a stake in the bankruptcy estate, including the debtor and the debtor's family. *In re Daily,* 2009 Bankr. LEXIS 3377, at *13.

Here, the appointment of a Chapter 11 trustee would result in the incurrence of significant costs to the bankruptcy estate, all without an apparent benefit to creditors. The Debtor in this case stands in a unique position of being the best person to facilitate the liquidation of his assets. Here, the Debtor does not own any real property, and the majority of his assets consist of intangible personal property, including stocks and interests in various companies. *See* Schedules A, B, and C, attached as Exhibit "G" to Motion. As such, the Debtor is most familiar with the assets of the bankruptcy estate and should be able to liquidate the assets of the underlying companies in which he holds an interest or otherwise locate interested parties to purchase his ownership interests in those companies. If a neutral party were appointed as a Chapter 11 trustee, he or she would be unfamiliar with the various businesses in which the Debtor holds an interest and may experience difficulties and delays in taking actions on behalf of the Debtor's business entities to further the liquidation process. Such a trustee would not have the personal contacts that this Debtor maintains in connection with its various business entities and would have a much more difficult time locating interested parties to purchase the Debtor's interests in said entities. Because Movant has not established that an order appointing of a trustee would be in the interests of all creditors and the bankruptcy estate generally, the Motion should be denied.

## III.

## CONCLUSION

For the foregoing reasons, Movant has not met its burden of proving that appointment of a trustee is warranted in this Chapter 11 case. As such, this Court should deny the Motion.

Dated: October 11, 2011

                          **POWELL & POOL,**
                          **A PROFESSIONAL CORPORATION**

                          By: \_\_/s/ Jessica L. Giannetta_____
                               JESSICA L. GIANNETTA, Attorneys
                               for OMNI FINANCIAL, LLC