DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No.190086
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: dfitzgerald@ffwplaw.com
e-mail: jrios@ffwplaw.com
e-mail: jniemann@ffwplaw.com

Attorneys for the Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT A. COOK,[1]<br><br>Debtor. | CASE NO.: 11-39335-C-11<br><br>Chapter 11<br><br>DCN: MHK-1<br><br>Date:         April 24, 2013<br>Time:         10:00 a.m.<br>Judge:        Hon. Christopher M. Klein<br>Courtroom: 35, Department C |

**DECLARATION OF DAVID D. FLEMMER IN SUPPORT OF CHAPTER 11 TRUSTEE'S OPPOSITION TO 7411 FOB, L.L.C.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, David D. Flemmer, declare and state as follows:

1.    I am the duly-appointed and acting Chapter 11 Trustee in the bankruptcy case of debtor Robert A. Cook ("Cook").  I am also a certified public accountant, I am certified in financial forensics, and I am a certified fraud examiner.  I have been practicing accounting for over 20 years.  The facts set forth herein are based on my own personal knowledge, except as to those matters which I state on information and belief and as to those matters, I believe them to be true.  If called as a witness, I could competently testify to the facts set forth herein.

---

[1]  By Court order entered December 3, 2012 [Docket No. 368], cases originally filed as Kings Professional Basketball Club, a joint venture, Case No. 11-44952, and  Kings Professional Basketball Club, a California general partnership, Case No. 12-27935, were substantively consolidated, effective retroactively to August 8, 2011, into the case of Robert A. Cook, Case No. 11-39335.

2. This declaration is submitted in support of the Opposition to 7411 FOB, LLC's Motion For Relief From the Automatic Stay (the "Motion"). Except where otherwise defined, capitalized terms in this declaration are consistent with the terms more fully defined in the Motion.

3. In the ordinary course of my work, I regularly review, work with, and rely upon the books and records of the Cook Estate, including legal documents, notes, correspondence, financial statements, business plans, business analysis, and reports which have been prepared by the estate's representatives or communicated to them in the ordinary course of business.

4. I am familiar with (i) the Cook Estate's books and records, which are maintained in the ordinary course of business under my supervision and control as custodian, (ii) the estate's legal affairs, (iii) and the estate's business and financial affairs and current financial condition.

5. I have received and reviewed a copy of the Purchase Agreement and Escrow Instructions dated as of February 6, 2013 (the "Sale Agreement") for the real property and improvements for the real property located at 7411 Fair Oaks Boulevard, Carmichael, California 95608 (the "7411 Property"), which is attached to the Exhibit Document as Exhibit A.

6. Pursuant to the Sale Agreement Summerset has agreed to purchase the 7411 Property together with all plans and permits in exchange for payment of $1,000,000.00.

7. The Motion estimates that the total amount of all claims secured by liens encumbering the 7411 Property, including unpaid real property taxes, total $665,716.19 (the "Secured Obligations").

8. I estimate that that the net proceeds from the sale of the 7411 Property after satisfaction of the Secured Obligations, costs of sale, commissions, and other charges and expenses, will be approximately $222,935 (the "Net Proceeds").

9. I am informed and believe that Michael Peloquin asserts a 25% interest in the "profits" obtained from the sale of the 7411 Property and I reserve the right to object to that claim.

10. Following my appointment as Trustee, I have informed Cook that in the event that there was value in the 7411 Property above secured claims that I would evaluate and enforce any

rights of the Cook Estate to such proceeds. In light of the Sale Agreement, I understand that a closing of a sale under that agreement would result in substantial Net Proceeds. Cook has agreed to deliver the Net Proceeds from the sale of the 7411 Property to the Trustee to hold for the benefit of the Cook Estate with 25% of the Net Proceeds reserved pending resolution of any claim by Mr. Peloquin to those funds.

11. Based upon the foregoing, I expect that the pending sale of the 7411 Property will result in approximately $222,935 in Net Proceeds being delivered to the Cook Estate for the benefit of the estate and its creditors, subject to the potential claim of Mr. Peloquin to 25% those funds.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 12, 2013 at Sacramento, California.

_____
DAVID D. FLEMMER