DONALD W. FITZGERALD, State Bar No. 095348
JASON E. RIOS, State Bar No. 190086
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA  95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
e-mail: dfitzgerald@ffwplaw.com
e-mail: jrios@ffwplaw.com
e-mail: jniemann@ffwplaw.com

Attorneys for the Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ROBERT A. COOK,[1]<br><br>Debtor. | CASE NO.: 11-39335-C-11<br><br>Chapter 11<br><br>DCN: FWP-18<br><br>Date:      November 6, 2013<br>Time:      10:00 a.m.<br>Judge:     Hon. Christopher M. Klein<br>Courtroom: 35, Department C |

**REPLY BRIEF IN SUPPORT OF TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7**

The Trustee's motion to convert this Chapter 11 case to Chapter 7 (the "Motion") [Dkt. 607] was filed on September 10, 2013.[2]  A limited objection to the Motion was filed by Omni Financial LLC and Cura Financial LLC requesting assurances that (i) the Chapter 11 Trustee, Mr. Flemmer, will be appointed by the United States Trustee as the interim Chapter 7 Trustee, and (ii) conversion and the related turnover of funds to a Chapter 7 Trustee will not constitute a

---

[1] By Court order entered December 3, 2012 [Docket No. 368], cases originally filed as Kings Professional Basketball Club, a joint venture, Case No. 11-44952, and Kings Professional Basketball Club, a California general partnership, Case No. 12-27935, were substantively consolidated, effective retroactively to August 8, 2011, into the case of Robert A. Cook, Case No. 11-39335.

[2] Unless otherwise indicated, all defined terms shall have the meanings ascribed to them in the Motion.

"disbursement" of funds on hand from the Chapter 11 to the Chapter 7 in a manner that will result in payment of the Trustees' statutory fees twice on the same funds (the "Omni Opposition"). Opposition was also filed by the Debtor on the grounds that the Debtor intends to propose a plan of reorganization, which would include provisions for claim objections and terms (as yet unspecified) upon which those objections would be prosecuted on a contingency fee basis (the "Debtor's Opposition"). Both the Omni Opposition and the Debtor's Opposition should be overruled and the Motion granted.

As explained below, the Trustee has confirmed that the assurances requested by Omni will be provided. As to the Debtor's Opposition, the Trustee believes that denying conversion because of the Debtor's intention to propose an unfiled and undefined Plan of Reorganization is not in the best interests of creditors. Instead, since the Trustee has liquidated substantially all of the Cook Estate's assets and the prosecution of claims objections can be handled in a Chapter 7 similarly to how they would be handled in a Chapter 11, the Trustee believes that converting the case to Chapter 7 will be the most cost-effective and efficient procedure for completing administration of this case.

## ANALYSIS

### I. The Trustee Believes That the Limited Concerns Raised By Omni Are Resolved.

The Omni Opposition expresses concern about costs and delay that could result if a new trustee were appointed following conversion. Counsel for the Trustee has confirmed with Mr. Blumberg, the Trial Attorney assigned to this case on behalf of the Office United States Trustee, that the UST's Office will appoint Mr. Flemmer as interim trustee for this case if the case is converted to Chapter 7.

The Omni Opposition also expresses concern about whether both the Chapter 11 Trustee and the Chapter 7 Trustee would assert a right to a fee for the distribution of the approximately $4,000,000 in funds currently held by the Chapter 11 Trustee in blocked accounts, including a tax reserve account (the "Undisbursed Funds"). The Trustee submits that Bankruptcy Code section 326 does not operate in a way permitting conversion to constitute a disbursement from the

Chapter 11 estate to the Chapter 7 estate, and that he would not claim a fee for distribution of the Undisbursed Funds both as Chapter 11 and as Chapter 7 trustee.

The Trustee believes that these clarifications provide adequate assurances for the concerns raised by Omni in its opposition.

**II.    The Debtor's Objections Do Not Warrant Denial of the Motion.**

The Debtor objects that conversion should be denied to allow the Debtor time to propose a "Plan of Reorganization" that he says would include provisions for claim objections to be prosecuted on a contingency fee basis, with "dividends" from such objections to be paid <u>to the Debtor</u> and "some additional dividends" to the allowed unsecured claims.  (Debtor's Opposition, ¶ 6.)  The Debtor further asserts that the Trustee is unwilling to undertake an objection to the One West Bank claim (Claim Number 19).  The Debtor's Opposition is not supported by any admissible evidence.  Instead, the Debtor relies upon the undefined terms of a proposed "Plan of Reorganization" that the Debtor has not filed in the more than two years since the Chapter 11 petition was filed on August 8, 2011.  The Debtor's Opposition does not even identify who would assert such claim objections on a contingency basis or on what terms they would be asserted.

The Trustee submits that the Debtor's objections are either inaccurate or do not warrant denying conversion.  It is difficult to imagine what meaningful Plan of Reorganization the Debtor would propose, since the Trustee has already liquidated all scheduled assets of the estate of material value.  Thus, the Trustee believes the Debtor is really talking about his intention to file a plan of liquidation (with all assets having already been liquidated) and asserting claim objections. As explained in the Motion, those same goals can be achieved more efficiently in a Chapter 7 case. The Trustee can assert claim objections in a Chapter 7 case just as well as he can assert them in a Chapter 11 case, and the Trustee believes that conversion of the case to Chapter 7 will result in reduced administrative expenses and timely distributions to creditors.  The Trustee concedes that allowable claims exceed the funds of the estate, and that in the absence of an agreement to the contrary claim objections by the Trustee are not expected to result in the payments to the Debtor that the Debtor apparently intends to provide in a plan.  But income to the Debtor as a result of claim objections is not the proper focus on the issue of conversion.  Instead,

-3-

the Court should focus on the best interests of the creditors, which, again, the Trustee believes will be best served by conversion. As to a potential objection to the One West Claim, the Trustee has prepared an application for a 2004 examination of One West, and/or the transferee of One West's Claim, and the Trustee will continue to evaluate the validity and merits of the One West Claim and potential objections to the claim, as well as all other filed claims. The Trustee can enter into agreements regarding contingency fees or other fees related to prosecution of those claim objections as a Chapter 7 Trustee if he determines in his judgment that such agreements would be in the best interests of the estate. If the Debtor has a creative, "win-win" proposal for prosecuting meritorious claims objections in a way which benefits creditors and the Debtor, he is encouraged to make that proposal to the Trustee post-conversion. Accordingly, the Trustee does not believe there is any benefit to the creditors or the estate from keeping this case in Chapter 11. On the contrary, the Trustee believes that the best interests of creditors in completing administration of this case will be best served by conversion.

## CONCLUSION

For the foregoing reasons and as set forth in the Motion, the Trustee requests entry of an order converting this case from Chapter 11 to Chapter 7.

Dated: October 30, 2013

        FELDERSTEIN FITZGERALD
        WILLOUGHBY & PASCUZZI LLP

        By: */s/ Jason E. Rios*
           JASON E. RIOS
           Attorneys for David D. Flemmer,
           Chapter 11 Trustee