DANIEL S. WEISS (State Bar No. 91930)
LAW OFFICES OF DANIEL S. WEISS
2020 Hurley Way, Suite 210
Sacramento, California 95825
Telephone:  (916) 569-1610
FAX No.:    (916) 569-1612
e-mail: dweiss@danielweisslaw.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | ) | Case No. 11-39335-C-11 |
| | ) | |
| ROBERT A. COOK, | ) | MCN:  PD - 2 |
| | ) | |
| | ) | DATE: January 21, 2014 |
| | ) | TIME: 9:30 a.m. |
| Debtor. | ) | DEPT: C |
| | ) | |

**DEBTOR'S MEMORANDUM OF POINTS & AUTHORITIES IN
OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
FILED BY PENNYMAC HOLDINGS, LLC f/k/a PENNYMAC MORTGAGE
INVESTMENT TRUST HOLDINGS, LLC**

NOW COMES ROBERT A. COOK, Debtor in the above-entitled matter, by his

attorney, Daniel S. Weiss, and, for his Opposition to the Motion for Relief from Automatic Stay

filed  by secured creditor PENNYMAC HOLDINGS, LLC f/k/a PENNYMAC MORTGAGE

INVESTMENT TRUST HOLDINGS, LLC  ("PennyMac"), represents as follows:

**BACKGROUND OF THE MOTION**

1.      This Chapter 11 case was filed on August 8, 2011.

2.      In September 11, 2011, Debtor was in the process of a loan modification with JP

1

MORGAN CHASE ("Chase"), under the Home Affordable Modification Program "(HAMP").

3.      An offer to enter into a trial period under HAMP was sent to Debtor by Chase on or about September 5, 2011.

4.      In acceptance of the offer, Debtor made the trial payments in a timely manner during the months of October and November 2011.

5.      When Debtor tendered the third (and final) trial payment in December 2011Chase refused the payment, stating as grounds for its refusal that the Debtor was in a Chapter 11 proceeding.

6.      Chase brought a motion for relief from automatic stay, based upon the Debtor's failure to make payments on the loan.

7.      At that time, both the first and second deeds of trust against the residence were held by Chase,

8.      On several occasions, the parties continued the hearings on the Motion for Relief from Stay, pending the outcome of a mortgage loan modification.

9.      On July 18, 2013, Chase sent a notice to Debtor indicating that the loan modification had been denied because all of the necessary documents had not been received by Chase.

10.     Thereafter, Debtor re-submitted the application with all of the necessary documents included.

11.     By letter dated August 16, 2013, Chase notified Debtor that the servicing of his loan was being transferred to" **PennyMac Loan Services, LLC"**, effective as of September 3, 2013. This notice did not mention "PENNYMAC HOLDINGS, LLC f/k/a PENNYMAC MORTGAGE

INVESTMENT TRUST HOLDINGS, LLC" as the owner or assignee of the loan. A copy of the notice is filed as Exhibit A to the Declaration of Robert A. Cook, and incorporated by reference herein.

1.      Notwithstanding the notice of transfer, on September 24, 2013, Debtor received a letter from Chase, a copy of which is filed as Exhibit B to the Declaration of Robert A. Cook, and incorporated by reference herein. The letter indicated that Chase was still reviewing Debtor's loan modification.

2.      On October 31, 2013, another letter was sent by Chase to Debtor, indicating that the loan modification was still in process of evaluation. A copy of the letter is filed as Exhibit C to the Declaration of Robert A. Cook, and is incorporated by reference herein.

3.      Debtor thereafter has received no communications from Chase.

4.      Movant, now clams to be the holder of the first deed of trust against the residence of the Debtor situated at 6416 Orange Hill Lane, Carmichael, California.

5.      The identity of the Movant is not the same as described in the notice dated August 16. 2013, and that notice did not state that the loan was being transferred or assigned to PennyMac, it only referenced a change of loan servicer.

6.      Debtor was not aware that he was expected or required to submit a new loan modification application to PennyMac, and did not do so, relying on the continuing communications he was receiving from Chase.

### CONCLUSION – RELIEF SOUGHT

For the foregoing reasons, Debtor respectfully urges the Court to deny the Motion for Relief from Automatic Stay, without prejudice, granting Debtor the opportunity to submit a new

loan modification to the Movant, if in fact the Movant is the proper party, or, in the alternative, to

continue the hearing on the motion until such time as a new application has been finally acted

upon by the secured party.

Debtor further asks for such further and other relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF DANIEL S. WEISS
Attorneys for Debtor
ROBERT A. COOK

Dated:  January 8, 2014.            By:        /s/ Daniel S. Weiss

4